UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br>ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,<br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br>AND ALLSTATE INDEMNITY COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES A. SPINA II, D.C.,<br>ANDREA GROSSMAN,<br>KIMBERLY A. SPINA,<br>MAELIEN SPINA,<br>CATSKILL MEDICAL CARE, P.C. (d/b/a MIDDLETOWN PHYSICAL THERAPY AND PAIN MANAGEMENT),<br>TAMMY GARCIA-KLIPFEL, ESQ., as personal representative of the Estate of HERBERT M. GARCIA, M.D., deceased,<br>PHYSICAL MEDICINE & DIAGNOSTIC TESTING, P.C.,<br>CLIFTON D. BURT, M.D.,<br>CHARLES H. BAGLEY, M.D.,<br>MIDDLETOWN PHYSICAL THERAPY, P.C. (d/b/a PHYSICAL THERAPY OF ORANGE COUNTY),<br>ELEANORE B. ROBLES, PT (a/k/a ELEANORE B. ROBLES-PARAS, PT),<br>MID HUDSON ACUPUNCTURE, P.C.,<br>RALPH J. STORM, L.AC.,<br>OPEN MRI OF MIDDLETOWN, L.L.C.,<br>UPSTATE RADIOLOGY, P.C.,<br>ACCREDITED MEDICAL SUPPLY INC.,<br>EFFECTIVE MARKETING & COMMUNICATIONS, LLC,<br>JJMJ REALTY COMPANY, AND<br>ROSWELL REALTY LLC,<br><br>    Defendants. | C.A. No.7:20-cv-01959-KMK |

**ALLSTATE'S RESPONSE TO DEFENDANT, CHARLES BAGLEY'S MOTION TO EXTEND AND REQUEST TO SEAL/REDACT PORTIONS OF FILING ECF NO.172**

  Pursuant to Fed. R. Evid. 408, Allstate requests that this Honorable Court enter an order electronically sealing ECF No. 172 which describes, albeit inaccurately, details of settlement discussions between Allstate and Defendant, Charles Bagley.

-1-

Fed. R. Evid. 408 states in pertinent part, "[e]vidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim…"

Despite being dated September 6, 2020, Allstate was only e-mailed a copy of this document yesterday September 16, 2020. During a conference between the parties relative to Allstate's present request to seal/redact statements related to settlement, Bagley indicated he is not an attorney and did not know he was not supposed to disseminate the details of settlement communications. He has no opposition to Allstate's request to seal/redact this information in the fashion attached hereto as **Exhibit A**. While it does not appear to be filed on the docket, any attachment (referenced ECF No. 172, p. 2) to this letter should also be sealed (left off of the docket) to the extent it references any draft settlement paperwork or details of settlement discussions. To avoid this in the future, Allstate respectfully requests that this Honorable Court order Defendant Bagley to confer with Allstate prior to future filings.

The first filing by Defendant Bagley (ECF No. 172) is a letter submitted to the pro se department, admitting his guilt relative/his involvement in healthcare fraud, and asserting a claim for additional time (90 days from a date in the future) to respond to Allstate's amended complaint. (ECF No. 59). On or about September 2, 2020, Allstate filed a request for default against Bagley for failure to respond to Allstate's amended complaint. (ECF No. 166). As part of its request for default, Allstate highlighted the following facts:

- On May 28, 2020, Charles Bagley agreed to accept electronic/e-mail service of Allstate's amended complaint. It was served the same day.
- Charles Bagley refused to sign a waiver of service form pursuant to Fed. R. Civ. P. 4.
- As such, Charles Bagley was formally served in hand with Allstate's amended complaint on or about August 11, 2020. (ECF No. 157)
- As of September 1, 2020, and the present, Charles Bagley failed to respond to Allstate's amended complaint in a timely fashion. (ECF No. 161).

Charles Bagley has been in possession of Allstate's Amended Complaint for over 110 days and he now essentially requests another 110 days to respond. Affording a party, even a pro se litigant, over seven months to respond to a pleading would create an untenable precedent and additional/unnecessary delays in this litigation. Despite Bagley's assertions, Allstate did not sue him to "gain leverage" over him. Allstate sued Charles Bagley, because as he admits in his letter, he engaged in healthcare fraud-- while working at the Dolson Avenue Medical facilities, which included Defendant, Physical Medicine and Diagnostic Testing, he participated in a fraudulent stock transfer relative to Defendant, Catskill Medical Care, and actively participated in a conspiracy that caused Allstate millions of dollars in damage.

Allstate maintains that Charles Bagley should be defaulted for his significant delay in responding to Allstate's amended complaint. (ECF No. 161). Indeed, even the date on the subject petition is almost a week after the latest deadline to respond to Allstate's complaint; to say nothing of the fact that Allstate provided Bagley with the amended complaint in May, by agreement.[1]

In the event that this Honorable Court is not inclined to default Bagley despite these delays, Bagley must be ordered to answer Allstate's amended complaint in the near future; not on January 14, 2021 as he requests. Bagley must admit the allegations, deny the allegations or refuse to answer the allegations in Allstate's complaint. In such a scenario, Allstate would not object to an extension

---

[1] Nowhere in Bagley's petition (ECF No. 172) does he deny that he has been in possession of Allstate's amended complaint package since May.

until October 23, 2020, ***at the latest***, for Bagley to respond to the complaint. This date affords Bagley an additional 36 days to answer, would be after his sentencing and allow all parties to go into the October 28, 2020 conference fully prepared to move forward to the discovery phase of this litigation. (ECF No. 171). Allstate would otherwise request that no additional extensions be granted to Bagley or any other defendant relative to pleadings. Besides this request from a pro se litigant, the parties should close and move passed the pleading phase, given that this case has been pending for over six months.

Granted in part and denied in part.  The Clerk of the Court is respectfully requested to place under seal the document at ECF 172.  The Court will not order Dr. Bagley to confer with Allstate prior to filings.  Dr. Bagley is instructed to file an appearance, and to submit his Answer by 10/23/2020.  No further extensions will be given.  The Clerk of the Court is respectfully requested to mail a copy of this memo endorsement to Dr. Bagley at 5715 North Tischer Rd., Duluth, MN 55804.
9/23/2020
White Plains, NY

SO ORDERED
KENNETH M. KARAS U.S.D.J.

Respectfully submitted,
SMITH & BRINK, P.C.,

*/s/ Hugh C.M. Brady, Esq.*
Richard D. King, Jr. (*pro hac vice*)
rking@smithbrink.com
Nathan A. Tilden (*pro hac vice*)
ntilden@smithbrink.com
Shauna L. Sullivan (*pro hac vice*)
ssullivan@smithbrink.com
Michael W. Whitcher (*pro hac vice*)
mwhitcher@smithbrink.com
Hugh Brady (*pro hac vice*)
hbrady@smithbrink.com
Emily S. Schierhorst
eschierhorst@smithbrink.com
1325 Franklin Ave, Suite 320
Garden City, New York 11530
Ph: (347) 710-0050
Attorneys for the Plaintiffs,
*Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Fire & Casualty Insurance Company, and Allstate Indemnity Company,*

Dated: September 17, 2020

-5-

## CERTIFICATE OF SERVICE

      I, Hugh C.M. Brady, Esq., counsel for the plaintiffs, hereby certify that the on the 17th day of September, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and emailed to Defendant Charles Bagley in the same fashion he served his letter motion for an extension.

                                    */s/ Hugh C.M. Brady, Esq.*
                                    Hugh C.M. Brady, Esq.

Dated: September 17, 2020