UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br>ALLSTATE PROPERTY & CASUALTY INSURANCE<br>COMPANY,<br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br>AND ALLSTATE INDEMNITY COMPANY,<br><br>                  Plaintiffs,<br><br>v.<br><br>JAMES A. SPINA II, D.C.,<br>ANDREA GROSSMAN,<br>KIMBERLY A. SPINA,<br>MAELIEN SPINA,<br>CATSKILL MEDICAL CARE, P.C. (d/b/a MIDDLETOWN<br>PHYSICAL THERAPY AND PAIN MANAGEMENT),<br>TAMMY GARCIA-KLIPFEL, ESQ., as personal representative<br>of the Estate of HERBERT M. GARCIA, M.D., deceased,<br>PHYSICAL MEDICINE & DIAGNOSTIC TESTING, P.C.,<br>CLIFTON D. BURT, M.D.,<br>CHARLES H. BAGLEY, M.D.,<br>MIDDLETOWN PHYSICAL THERAPY, P.C. (d/b/a<br>PHYSICAL THERAPY OF ORANGE COUNTY),<br>ELEANORE B. ROBLES, PT (a/k/a ELEANORE B. ROBLES-<br>PARAS, PT),<br>MID HUDSON ACUPUNCTURE, P.C.,<br>RALPH J. STORM, L.AC.,<br>OPEN MRI OF MIDDLETOWN, L.L.C.,<br>UPSTATE RADIOLOGY, P.C.,<br>ACCREDITED MEDICAL SUPPLY INC.,<br>EFFECTIVE MARKETING & COMMUNICATIONS, LLC,<br>JJMJ REALTY COMPANY, AND<br>ROSWELL REALTY LLC,<br><br>                  Defendants. | C.A. No.7:20-cv-01959-KMK<br><br><br><br><br>**STIPULATED<br>CONFIDENTIALITY<br>AGREEMENT AND<br>PROTECTIVE ORDER** |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

It is hereby STIPULATED and AGREED, by and between counsel for the above-captioned

parties hereto, and ORDERED by this Court as follows:

1

1.    Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire & Casualty Insurance Company, Allstate Property & Casualty Insurance Company,[1] James Spina, Maelien Spina, Eleanore Robles, Middletown Physical Therapy, P.C., Clifton Burt, Physical Medicine and Diagnostic Testing, P.C., Open MRI of Middletown, LLC, Upstate Radiology, P.C., Tammy Garcia-Klipfel, Esq. as personal representative of the Estate of Herbert M. Garcia, M.D., deceased, JJMJ Realty Company (hereinafter collectively referred to as "parties"), or their agents, may possess (a) protected health information, or (b) confidential business, personal, or technical documents or information, the disclosure of which may be required during the course of this action.  The parties wish to limit the disclosure and use of such documents or information during the prosecution and defense of this action.  As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  For the purpose of this Stipulation and Order, drafts or non-identical copies of a document are included within the meaning of this term.

2.    **Application**.  This Stipulated Confidentiality and Protective Order ("Stipulation and Order") applies to and governs all documents, information, and tangible things produced by any party—or by any non-party in possession of documents, information, or tangible things belonging to a party, and/or a person or entity affiliated with, related to, or owned by a party—in response to requests for production of documents and things, subpoenas, depositions, interrogatory answers, responses to requests for admissions, and other

---

[1] As used herein, the term "Allstate" shall refer to Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire & Casualty Insurance Company, Allstate Property & Casualty Insurance Company, and all of their underwriting affiliates.

discovery authorized by the Federal Rules of Civil Procedure in connection with the instant action.

3.     **Confidential Information**.  The parties recognize that the Court retains discretion whether to afford confidential treatment to any documents or information submitted to the Court. The parties further agree that they will follow all requirements and procedures of the Court with respect to having documents or information deemed confidential by the Court, and to have any such documents or information filed under seal. For the purposes of this Stipulation and Order, "Confidential Information" means any non-public information that is treated by the owner thereof as confidential and proprietary information, which involves or relates to (a) trade secrets or competitively sensitive information, (b) other confidential technical, business, operational, financial, or personal information of a party and/or a person or entity affiliated with, related to, or owned by a party (or a person or entity whose information the party is under a duty to maintain in confidence) that such party believes, in good faith, would qualify for a protective Stipulation and Order if sought from the Court, and (c) any and all "Protected Health Information" as defined in the Health Insurance Portability and Accountability Act ("HIPAA"), including medical records, medical invoices, medical reports and notes, and medical files and their contents, produced in any form, whether voluntarily or through discovery or other proceedings, including, without limitation, all information and all copies, excerpts, and summaries thereof.

a.     "Confidential Information" includes documents, information, or tangible things reflecting or containing personal identification information of any party (including owners, officers, directors, shareholders, partners, employees, contractors, associates, affiliates, parent companies, and subsidiaries thereof), or a person or

3

entity affiliated with, related to, or owned by a party, including, but not limited to, names, dates of birth, Social Security numbers, tax identification numbers, addresses, and all forms of bank account, credit card account, or other financial account numbers and records. "Confidential Information" also includes documents, information, or tangible things incorporating or reflecting Confidential Information, including copies, summaries, abstracts, notes, derivatives, electronic information, photographs, negatives, blow-ups, exhibits, and similar things.

b.  A party may not designate as Confidential Information any information that has been disclosed in a printed publication or other public medium available to the public or trade by reason of dissemination by one having the right to do so, or is generally known throughout the trade and public, or is come to be known to the receiving party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Stipulation and Order. A party seeking to designate any such information as Confidential Information shall confer with the requesting party (or parties) prior to making the designation. If the parties are unable to reach an agreement about the designation, then the designating party shall follow the procedures set forth in Paragraph 12 below.

c.  The parties recognize that documents and information relevant to and discoverable in this action may contain information protected from disclosure under HIPAA including, but not limited to, medical records, medical invoices, medical reports and notes, and medical files created or maintained by Allstate, James Spina, Maelien Spina, Eleanore Robles, Middletown Physical Therapy, P.C., Clifton Burt, Physical Medicine and Diagnostic Testing, P.C., Open MRI of Middletown, LLC,

4

Upstate Radiology, P.C., Tammy Garcia-Klipfel, Esq. as personal representative of the Estate of Herbert M. Garcia, M.D., deceased, or JJMJ Realty Company. Any documents containing Protected Health Information requested pursuant to a subpoena, discovery request, or other lawful process, in the interest of conducting discovery in a prompt and efficient manner, shall be produced in un-redacted format in accordance with 45 C.F.R. § 164.512. As such, consistent with the terms of this Stipulation and Order, the parties hereby agree and stipulate that:

i.     The parties are prohibited from using or disclosing Protected Health Information for any purpose other than this action; and

ii.    This Stipulation and Order requires the return to the entity covered under HIPAA or the destruction of the Protected Health Information (including all copies made) at the end of this action; and

iii.   Subject to the scope and limits of discovery set forth under Fed. R. Civ. P. 26(b), the parties recognize that discovery in this action may involve the production of documents or disclosure of information concerning persons not insured by Plaintiff(s), or persons who may not have received services, drugs, or medications from one or more of the Defendants(s). The parties acknowledge that all of the safeguards and provisions of confidentiality set forth in this Stipulation and Order shall be applicable to any such documents or information.

d.    Should the Court object to or strike the foregoing paragraph (c) of this Stipulation and Order, said paragraph (c) may be severed from the terms of this Stipulation and Order, and the party producing documents containing "Protected Health

Information" shall redact the same in accordance with 45 C.F.R. § 164.514 prior to production, at the expense of the party requesting the documents.

4.   **Declassification**.  The restrictions upon and obligations accruing to persons who become subject to this Stipulation and Order shall not apply to any documents, information, or tangible things produced in accordance with Paragraph 5 below as to which the Court rules, or the parties agree, is not to be treated as Confidential Information.

5.   **Designations**.  Confidential Information shall be designated as follows:

a.   A producing party or non-party, prior to or coincident with producing or disclosing any documents, information, or tangible things to be designated Confidential, shall so designate such documents, information, or tangible things as containing Confidential Information by affixing the word "CONFIDENTIAL" on such documents, information, or tangible things prior to their production or disclosure. The affixation of the word "CONFIDENTIAL" must appear on each page of written documents, materials, or other things containing Confidential Information;

b.   The parties may produce Confidential Information in electronic format or in a non-paper medium such as videotape, audiotape, compact disc ("CD"), digital video disc ("DVD"), computer hard drive, computer floppy disc, USB "flash drive," other data storage device, or secure data or file transmission system.  Confidential Information produced using any of these formats or media may be so designated by labeling the outside (or other conspicuous space) of such device or non-paper media with the word "CONFIDENTIAL."  If physical labelling of devices or media is impractical and/or impossible, then the party producing Confidential Information using a device or  non-paper medium shall provide to the recipient(s) a writing

6

informing such recipient(s) that the documents, information, or tangible things being produced in this manner contain Confidential Information.  All documents, information, or tangible things containing Confidential Information, which are produced using a device or non-paper medium that is incapable of being physically labeled with the word "CONFIDENTIAL," shall be so designated in the manner provided in the applicable sections of this paragraph;

c.   If contained in a written response to a discovery request, such as an interrogatory, the written response shall be designated "CONFIDENTIAL," or the receiving party otherwise shall be previously or simultaneously advised in writing of such confidential status, and the information may be served and filed in a separate document if desired;

d.   If Confidential Information is contained in deposition, hearing, or other testimony, then the transcript may be designated as containing Confidential Information in accordance with this Stipulation and Order by so notifying the other parties on the record at the time of the testimony, or by notifying the other parties in writing, within 30 days after receipt of the transcript by the producing party or non-party, of the specific pages and lines of the transcript that contain such Confidential Information. Except for documents or information not qualifying as Confidential Information under Paragraph 3, all transcripts of hearings, depositions, or other testimony, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing Confidential Information and shall be subject to this Stipulation and Order until the time for designation has expired;

e.  If Confidential Information constituting HIPAA-defined Protected Health Information is contained within a document such as a patient file, insurance claim file, or other patient-related record or file, then the parties agree that any such documents containing said Confidential Information need not be affixed with the word "CONFIDENTIAL" on every page  in order for the contents of the entire document to be designated as "CONFIDENTIAL" for the purposes of this Stipulation and Order, provided that the document is designated as confidential in a writing that is distributed to all other parties.  This provision shall apply to all patient, insurance, or claim documents whether produced in paper format, or by using a device or other non-paper medium.

f.  Documents containing tax, banking or financial information need not be affixed with the word "CONFIDENTIAL."  The parties hereby stipulate that documents containing tax, banking, or financial information shall automatically be designated as Confidential Information and afforded all the protections set forth in this Stipulation and Order.  This provision shall apply whether the records are produced in paper format, or by using a device or other non-paper medium.

6.  **Submission to Court**.  The parties agree that any documents—including (a) all transcripts (of hearings, depositions or other testimony), exhibits (including demonstrative exhibits), pleadings, discovery responses, and documents or tangible things marked "CONFIDENTIAL" to be filed with, or submitted to, the Court prior to trial, and (b) any pleadings, memoranda, exhibits (including demonstrative exhibits), affidavits, letters, documents, or tangible things—to be filed with or submitted to the Court prior to trial, or the confidential portions thereof, that reproduce, partially reproduce, or paraphrase

8

information that has been designated "Confidential," shall not be filed with or submitted to the Court until the filing party has sought, and the Court has granted, leave to file such documents containing Confidential Information with the Court. If the Court grants a party's request for leave to file documents containing Confidential Information under seal, then the filing party must file said documents electronically, and in the manner governing the filing of sealed materials, using the Court's CM/ECF systems. Provided that the Court has granted leave to file certain documents under seal, access to any such electronically filed documents shall be limited only to "case participants" (i.e., the parties, counsel of record, and the Court).  The parties further agree that no party waives their right to request the sealing of a document filed with the Court even though the document or its contents do not constitute Confidential Information, provided that any such request for sealing be made by the filing party in the manner governing the filing of sealed materials with the Court.

7.     **Restrictions on Disclosure of Confidential Documents**.  Confidential Information may not be disclosed to any person other than:

a.     The parties, in-house counsel for the parties, outside counsel for the parties, and the partners, associates and employees of such attorneys' law firms who are working on this action.

b.     Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this action.

c.     Actual or potential deponents or witnesses in this action, if (i) such person had prior lawful access to such information or (ii) such person shall have first executed a written instrument delivered beforehand to such deponents or witnesses, acknowledging that he or she is fully familiar with the terms of this Stipulation and

Order and agrees in writing, to comply with, and be bound by, such Stipulation and Order.

d.      Outside consultants and experts retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this lawsuit.

e.      Insurance underwriters to the parties, in-house counsel to the underwriters, and counsel retained by such underwriters in connection with the lawsuit.

f.      Persons whom counsel for the parties believe in good faith to have, or have had, prior access to the particular Confidential Information, or who have been participants in a communication that is the subject of the particular Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated; provided that, unless and until counsel confirms that any such persons have or have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation.

g.      The Court and its employees, the triers of fact, court reporters transcribing testimony and notarizing officers.

For the purpose of this Paragraph, the term "disclosure" means copying (including handwritten copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person the documents, materials, or information subject to this Stipulation and Order, or any contents thereof, except as expressly authorized by this Stipulation and Order.

8.    **Exchange of Expert Reports and Court Filings**.  Expert reports exchanged by the parties, and any documents submitted to the Court prior to trial that contain Confidential Information and are designated as such, may be shared with the persons listed in Paragraph 7, above.

9.    **Further Restrictions on Access**.  Each non-party to be provided with Confidential Information shall, in a written instrument delivered beforehand to such non-party, acknowledge that he or she is fully familiar with the terms of this Stipulation and Order and agrees in writing, in the form annexed hereto as Exhibit A, to comply with, and be bound by, such Stipulation and Order until modified by further Stipulation and Order of this Court, or by agreement of the parties hereto.

10.   **Use of Confidential Information**.  The parties may use Confidential Information produced in accordance with this Stipulation and Order for prosecuting or defending this action, including, but not limited to, purposes related to deposition testimony, dispositive motions, preparing this action for trial, the trial itself, and/or any appeals.  Confidential Information may not be used in connection with any other litigation, arbitration or other proceeding, actual or contemplated (except as detailed in Paragraph 11), or for any other purpose whatsoever, absent agreement by the parties or a Stipulation and Order of this Court, or of a Court having jurisdiction over the producing party or person.  The parties may use Confidential Information in testimony and exhibits at trial, and in connection with motions, depositions, or witness preparation and counsel pretrial investigations, subject to the restrictions of this Stipulation and Order.  A party or person may use its own designated Confidential Information for any purpose whatsoever.

11

11.  **Requests for Production of Confidential Information.**  If any party is requested to produce Confidential Information (other than its own designated Confidential Information) by service of a subpoena or pursuant to a court order, then the party requested to make such production or disclosure shall promptly notify counsel for the other parties and, to the extent possible, shall not produce anything in response to such request for at least ten (10) business days following such notice, so that the other parties may take whatever steps they deem reasonably necessary to protect the confidentiality of such information.

12.  **Disputes as to Designations**.  If a party disagrees with a party's designation of anything as Confidential Information, then the receiving party shall notify the producing party or third person in writing within thirty (30) days of receipt of the documents or information so designated.  If timely raised, the parties must confer about the party's objection to the designation of the documents or information.  If the parties cannot resolve the objection on their own, a party may raise the issue of the designation or status for the Court, which shall resolve the issue.  The documents, materials, or information shall remain confidential unless and until the Court rules to the contrary. In any disagreement over the designation of Confidential Information, the designating party bears the burden of showing that the designated information is Confidential Information within the scope of this Stipulation and Order.

13.  **No Waiver**.  Nothing in this Stipulation and Order or otherwise shall constitute a waiver of the right of any party to (a) object at trial as to the authenticity, competency, relevance, or admissibility of any information, or (b) file a motion *in limine* to preclude the trier of fact from being advised of such designation during trial, nor shall this Stipulation and Order, or actions taken or not taken pursuant to it, constitute an admission that materials

designated as Confidential Information are appropriate.   Additionally, nothing in this Stipulation and Order shall be deemed to constitute a waiver of any right any party otherwise might have under the Federal Rules of Civil Procedure, their Local Civil Rule analogs, the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or rule of law.

14.   **Court Filings Under Seal**.  With respect to any documents or information filed with the Court under seal in accordance with the provisions of Paragraph 6 above, the Clerk of this Court is directed to maintain under seal all documents and information filed with the Court in this action that have been designated, in whole or in part, as Confidential Information. In the event that any documents are filed under seal with the Court's express permission, access to any such documents shall be restricted to "case participants" (i.e., the parties, counsel of record, and the Court).  Upon termination of this action, access to any documents duly filed with the Court under seal shall remain restricted to "case participants," absent an agreement of the parties hereto or by order of the Court.

15.   **No Waiver by Disclosure of Protected Information.**  Subject to the provisions of this Stipulation and Order, if a party (the "Disclosing Party") discloses information in connection with this action or any pending litigation, arbitration, or other proceeding that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other proceeding—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

16. **Notification Requirements: Best Efforts of Receiving Party.** A Disclosing Party shall, within thirty (30) days after disclosure, notify the party receiving the Protected Information (the "Receiving Party"), in writing, that it has disclosed Protected Information to the Receiving Party, and that no rights of the Disclosing Party shall be deemed waived by such disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 17— promptly (a) notify the Disclosing Party that it will use best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has, and (b) cease further review, dissemination, and use of the Protected Information.

17. **Contesting Claim of Privilege or Work Product Protection**. If the Receiving Party contests the Disclosing Party's claim of attorney-client privilege or work product protection with respect to the disclosure of Protected Information, the Disclosing Party must—within ten (10) days of receipt of the notice of disclosure—move the Court for an Order compelling the Receiving Party to return or destroy the information claimed by the Disclosing Party to be protected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal to the extent permitted by the requirements and procedures of the Court. Pending resolution of the Disclosure Motion, the Receiving Party may not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion except in opposition to the Disclosing Party.

18. **Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in Paragraphs 16 and 17.

19.    **Attorney's Ethical Responsibilities.** Nothing in this Stipulation and Order overrides any attorney's ethical responsibilities to refrain from examining materials that the attorney knows, or reasonably should know, to be privileged in any way or protected as work product, and to inform the Disclosing Party that such materials have been produced.

20.    **Burden of Proving Privilege or Work-Product Protection.** When making a challenge under Paragraph 17, the Disclosing Party retains the burden of establishing the privileged or protected nature of the Protected Information.

21.    **Modification**. This Stipulation and Order may be amended with leave of the Court, by the agreement of counsel for the parties in the form of a stipulation submitted to the Court for approval, or by the Court *sua sponte* after affording the parties, and any affected non-party, the opportunity to be heard. If the parties cannot agree to the amendment, then a formal motion to amend must be filed with the Court. This Stipulation and Order is intended to regulate the disclosure and handling of Confidential Information during this action, and this Stipulation and Order shall remain in force and effect until modified, superseded, or terminated on record by agreement of the parties hereto or by order of the Court. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality set forth herein, or the application of this Stipulation and Order in any particular instance.

22.    **Deposition Transcripts**.  Reference to this Stipulation and Order by referring to the existence of the order and its docket number may be made by counsel present at any deposition in this action at or prior to the time when any question is propounded involving

Confidential Information. Portions of the original deposition transcript designated as Confidential shall be separately bound by the reporter, marked as provided in Paragraph 5 and on the first page with the title of the Court and the title of the case and shall be delivered to the attorneys representing the parties at the deposition.  The failure of a court reporter to comply with this provision shall not eliminate any previous designations of testimony as Confidential Information made in accordance with this Stipulation and Order.  Designated portions of copies of the deposition transcript shall be treated as Confidential Information as provided by this Stipulation and Order.  If deposition testimony requires the disclosure of Confidential Information of a party, that portion of the deposition will be closed to all persons except the deponent and those persons authorized to have access, the court reporter, and the persons designated in Paragraph 7 of this Stipulation and Order as applicable to the designated level of confidentiality.

23.    **Termination of Litigation**.  This Stipulation and Order shall survive the final termination of this action with respect to any Confidential Information. At the written request of the producing party or non-party, the originals and all copies of documents and tangible things (e.g., USB flash drive, compact disc, etc.) containing Confidential Information shall be securely destroyed (e.g., cross-shredded) with certification of such destruction provided to counsel for the producing party, or all copies of such documents and things containing Confidential Information shall be returned to the counsel for the party or non-party that produced such Confidential Information. To the extent that Confidential Information is stored electronically, such information and data must be securely wiped in accordance with the National Institute of Standards and Technology Guidelines for Media Sanitization (NIST.SP.800-88 Rev. 1 (Table 5-1, pp. 24-25). Both the return of any Confidential

Information and the receipt thereof shall be acknowledged in writing and shall specify all Confidential Information returned and received. The destruction or secure wiping of Confidential Information shall be acknowledged in a writing from the destroying party that describes: (a) the Confidential Information destroyed or securely wiped; (b) the manner of destruction or secure wiping; (c) the date of destruction or secure wiping; and (d) the identity of the person(s) performing the destruction or secure wiping. Expressly excepted from the requirements of this paragraph are any documents or information that the parties or their counsel are required to retain by law or ethical obligations. Any Confidential Information so retained by a party or their counsel will remain subject to the obligations and restrictions contained in this Stipulation and Order, will be maintained in accordance with the retaining party's document retention policies and procedures, and will not be used by the retaining party for any other purpose.

24.     **Inadvertent Disclosures**. Any documents information, or tangible things inadvertently furnished by the producing party or non-party during the course of this action without a designation of confidentiality may nevertheless subsequently be designated as Confidential Information under this Stipulation and Order, but only under the conditions that counsel for the receiving party (a) subsequently receives written notice from the producing party or non-party of the inadvertence and is requested thereafter to treat such documents, materials, information, or other things as Confidential Information, and (b) has a reasonable opportunity to advise others to whom such documents, materials, information, or other things had already been disclosed that such information should thereafter be treated as Confidential Information.

25.     **Violation**. Any person executing or agreeing in writing to be bound by this Stipulation and Order shall promptly advise counsel representing the party by whom they are employed or on whose behalf they have been retained if such person learns of a violation of this Stipulation and Order, and it will be the responsibility of such person to ensure that counsel inform counsel for all other parties of such violation. In addition, the person learning of a violation and counsel notified by that person shall have a duty to take immediate action to mitigate and remedy any such violation to the extent possible. Compliance with this specific provision will not exempt any person, counsel, or party from possible sanction by the Court, if deemed appropriate,  as a result of any violation of this Stipulation and Order.

26.     **Trial**. Any application to maintain the confidentiality of documents information, or tangible things at trial shall be made to the Court in advance of the trial date.

27.     **Survival**. This Stipulation and Order shall survive the final termination of this action with respect to all material designated or deemed to be Confidential Information or Protected Information.  The Court shall retain jurisdiction over the parties and counsel for the parties as necessary to enforce this Stipulation and Order.


[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

*Allstate Insurance Company,*
*Allstate Property & Casualty Insurance*
*Company,*
*Allstate Indemnity Company, and*
*Allstate Fire & Casualty Insurance Company,*

*/s/ Hugh C.M Brady, Esq.*
_____
Richard D. King, Jr. (RK8381)
rking@smithbrink.com
Nathan A. Tilden (NT0571)
ntilden@smithbrink.com
Hugh C.M. Brady (HB4724)
hbrady@smithbrink.com
Shauna L. Sullivan (SS5624)
ssullivan@smithbrink.com
Smith & Brink, P.C.
1325 Franklin Ave, Suite 320
Garden City, NY 11530
(347) 710-0050

Dated:  September 30, 2020

*James A. Spina II, D.C.,*
*Middletown Physical Therapy, P.C.,*
*Eleanore B. Robles, PT,*
*JJMJ Realty Company, and*
*Maelien Spina,*

*/s/ Neil Torczyner*
_____
Neil Stuart Torczyner
ntorczyner@hkplaw.com
Steven Jay Herfenist
sharfenist@hkplaw.com
Harfenist, Kraut, & Perlstein LLP
3000 Marcus Avenue, Suite 2E1
Lake Success, NY 11042
(516) 355-9612

*Tammy Garcia-Klipfel, Esq.*

*/s/ Erin Elizabeth Elmouji*
_____
Erin Elizabeth Elmouji
eelmouji@woodsoviatt.com
Woods Oviatt Gilman LLP
1900 Bausch & Lomb Place
Rochester, NY 14604
(585) 987-2337

*Physical Medicine & Diagnostic Testing,*
*P.C., and Clifton D. Burt, M.D.*

*/s/  Shannon Carroll*
_____
Keith J. Roberts
kroberts@bracheichler.com
Shannon Carroll
scarroll@bracheichler.com
Brach Eichler LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-5700

|  | *Upstate Radiology P.C.* |
|  | */s/ Brian J. Butler* |
|  | _____ |
|  | Brian J. Butler |
|  | butlerb@bsk.com |
|  | John Clopper |
|  | jclopper@bsk.com |
|  | Bond, Schoeneck & King, PLLC |
|  | One Lincoln Center |
|  | Syracuse, NY 13202 |
|  | (315) 218- 8100 |
|  |  |
|  | *Open MRI of Middletown, LLC* |
|  | */s/ Giovanni Regina* |
|  | _____ |
|  | Giovanni Regina |
|  | gregina@lawwmm.com |
|  | Waters, McPherson, McNeil, PC |
|  | 233 Broadway |
|  | New York, NY 10279 |
|  | (201) 319 - 5743 |
|  | Dated:  September 30, 2020 |

SO ORDERED.

Dated:          White Plains, New York

September 30 , 2020

_____
Kenneth M. Karas, U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br>ALLSTATE PROPERTY & CASUALTY INSURANCE<br>COMPANY,<br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br>AND ALLSTATE INDEMNITY COMPANY,<br><br>        Plaintiffs,<br><br>v.<br><br>JAMES A. SPINA II, D.C.,<br>ANDREA GROSSMAN,<br>KIMBERLY A. SPINA,<br>MAELIEN SPINA,<br>CATSKILL MEDICAL CARE, P.C. (d/b/a MIDDLETOWN<br>PHYSICAL THERAPY AND PAIN MANAGEMENT),<br>TAMMY GARCIA-KLIPFEL, ESQ., as personal representative<br>of the Estate of HERBERT M. GARCIA, M.D., deceased,<br>PHYSICAL MEDICINE & DIAGNOSTIC TESTING, P.C.,<br>CLIFTON D. BURT, M.D.,<br>CHARLES H. BAGLEY, M.D.,<br>MIDDLETOWN PHYSICAL THERAPY, P.C. (d/b/a<br>PHYSICAL THERAPY OF ORANGE COUNTY),<br>ELEANORE B. ROBLES, PT (a/k/a ELEANORE B. ROBLES-<br>PARAS, PT),<br>MID HUDSON ACUPUNCTURE, P.C.,<br>RALPH J. STORM, L.AC.,<br>OPEN MRI OF MIDDLETOWN, L.L.C.,<br>UPSTATE RADIOLOGY, P.C.,<br>ACCREDITED MEDICAL SUPPLY INC.,<br>EFFECTIVE MARKETING & COMMUNICATIONS, LLC,<br>JJMJ REALTY COMPANY, AND<br>ROSWELL REALTY LLC,<br><br>        Defendants. | C.A. No.7:20-cv-01959-KMK |

I, _____, attest that I have been given a copy and have read the attached

Stipulated Confidentiality and Protective Order ("Order") entered by the Court in the above-

captioned action. I hereby agree to be bound by the Order and its terms and, I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the undertakings I have made here.

I hereby acknowledge receipt of Confidential Information, as defined in the Order. I have been informed by counsel in this case that my access to documents, information, and tangible things is conditioned upon my agreement to be bound by the Order. I understand that I am to retain control of any copies of any of the aforesaid Confidential Information and that, upon completion of my assigned duties, I shall be responsible for the identification and disposition of any Confidential Information retained in my possession, including any copies of Confidential Information, pursuant to the terms of the Order. I further agree not to reveal any Confidential Information, except as permitted by this Order or a further order of the Court.

(Signature)

(Printed Name)

(Title or Position)

(Company)