UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, AND ALLSTATE INDEMNITY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES A. SPINA II, D.C., ANDREA GROSSMAN, KIMBERLY A. SPINA, MAELIEN SPINA, CATSKILL MEDICAL CARE, P.C. (d/b/a MIDDLETOWN PHYSICAL THERAPY AND PAIN MANAGEMENT), TAMMY GARCIA-KLIPFEL, ESQ., as personal representative of the Estate of HERBERT M. GARCIA, M.D., deceased, PHYSICAL MEDICINE & DIAGNOSTIC TESTING, P.C., CLIFTON D. BURT, M.D., CHARLES H. BAGLEY, M.D., MIDDLETOWN PHYSICAL THERAPY, P.C. (d/b/a PHYSICAL THERAPY OF ORANGE COUNTY), ELEANORE B. ROBLES, PT (a/k/a ELEANORE B. ROBLES-PARAS, PT), MID HUDSON ACUPUNCTURE, P.C., RALPH J. STORM, L.AC., OPEN MRI OF MIDDLETOWN, L.L.C., UPSTATE RADIOLOGY, P.C., ACCREDITED MEDICAL SUPPLY INC., EFFECTIVE MARKETING & COMMUNICATIONS, LLC, JJMJ REALTY COMPANY, AND ROSWELL REALTY LLC,<br><br>Defendants. | C.A. No.7:20-cv-01959 |

**~~PROPOSED~~ ORDER RELATIVE TO THE PARTIES' STIPULATION (ECF NO. 326)**

Upon consideration of Plaintiffs Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Fire & Casualty Insurance Company, and Allstate Indemnity Company (collectively, "Allstate" or "Plaintiffs") Stipulation filed on September 23, 2022 by

-1-

Plaintiffs and Defendant JJMJ Realty Company, the Court being duly advised and good cause having been shown, the Court finds as follows:

1. There is real property in the name of Defendant, JJMJ Realty Company located at 9 Turner Street, Unit 11, Clearwater, Florida 33756 ("the Subject Property");
2. Allstate has a first in time, recorded attachment on the Subject Property at 9 Turner Street, Unit 11, Clearwater, Florida 33756;
3. JJMJ Realty and Allstate have settled the above-captioned litigation upon the condition that the Subject Property at 9 Turner Street, Unit 11, Clearwater, Florida 33756 is sold and certain portions of the net proceeds from any sale are distributed to Allstate;
4. Allstate has agreed to take necessary steps to remove the Attachment on the Subject Property at 9 Turner Street, Unit 11, Clearwater, Florida 33756 in exchange for an attachment on the net proceeds of the sale of the Subject Property;
5. The Government will be filing a subsequent attachment on certain net proceeds of the sale of the Subject Property at 9 Turner Street, Unit 11, Clearwater, Florida 33756; and,
6. JJMJ Realty has agreed not to take any action to prevent Allstate from obtaining the net proceeds to which it is entitled pursuant to the Parties' settlement, or otherwise secure any such funds related to settlement with JJMJ Realty.

Therefore, IT IS HEREBY:

**ORDERED** that an attachment on any proceeds of any sale is granted to Allstate relative to the property in the name of Defendant, JJMJ Realty Company at 9 Turner Street, Unit 11, Clearwater, Florida 33756;

**ORDERED** that Defendant, JJMJ Realty Company is hereby **ENJOINED** from taking any action to encumber the property at 9 Turner Street, Unit 11, Clearwater, Florida 33756, without seeking leave of this Court;

**ORDERED** that the Defendant, JJMJ Realty Company, has agreed to appoint Steven J. Harfenist as the receiver for the purpose of coordinating the sale of the property at 9 Turner Street, Unit 11, Clearwater, Florida 33756;

**ORDERED** that the Defendant, JJMJ Realty Company, and their counsel, Steven J. Harfenist, are hereby ENJOINED from distributing any of the net proceeds from the sale of the

property at 9 Turner Street, Unit 11, Clearwater, Florida 33756 without prior approval from Allstate; and,

**ORDERED** that the Defendant, JJMJ Realty Company and its agents are hereby ENJOINED from transferring, encumbering, dissipating, or wasting any assets for the purpose of circumventing any future judgment in this case until further or superseding the Order of this Court.

**SO ORDERED:**

_____
The Honorable Kenneth M. Karas
White Plains, New York
__November 28__, 2022