MEMO ENDO.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, AND ALLSTATE INDEMNITY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES A. SPINA II, D.C.,<br>ANDREA GROSSMAN,<br>KIMBERLY A. SPINA,<br>MAELIEN SPINA,<br>CATSKILL MEDICAL CARE, P.C. (d/b/a MIDDLETOWN PHYSICAL THERAPY AND PAIN MANAGEMENT),<br>TAMMY GARCIA-KLIPFEL, ESQ., as personal representative of the Estate of HERBERT M. GARCIA, M.D., deceased,<br>PHYSICAL MEDICINE & DIAGNOSTIC TESTING, P.C.,<br>CLIFTON D. BURT, M.D.,<br>CHARLES H. BAGLEY, M.D.,<br>MIDDLETOWN PHYSICAL THERAPY, P.C. (d/b/a PHYSICAL THERAPY OF ORANGE COUNTY),<br>ELEANORE B. ROBLES, PT (a/k/a ELEANORE B. ROBLES-PARAS, PT),<br>MID HUDSON ACUPUNCTURE, P.C.,<br>RALPH J. STORM, L.AC.,<br>OPEN MRI OF MIDDLETOWN, L.L.C.,<br>UPSTATE RADIOLOGY, P.C.,<br>ACCREDITED MEDICAL SUPPLY INC.,<br>EFFECTIVE MARKETING & COMMUNICATIONS, LLC,<br>JJMJ REALTY COMPANY, AND<br>ROSWELL REALTY LLC,<br><br>Defendants. | C.A. No.7:20-cv-01959 |

[~~PROPOSED~~]
**AMENDED ORDER RELATIVE TO THE PARTIES' STIPULATION**
**(ECF NO. 326)**

Upon consideration of the parties, Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Fire & Casualty Insurance Company, and Allstate

-1-

Case 7:20-cv-01959-KMK   Document 333   Filed 03/27/23   Page 2 of 4

Indemnity Company (collectively, "Allstate" or "Plaintiffs") and JJMJ Realty Company's Joint Request to Amend the Order Relative to the Parties' Stipulation (ECF No. 326), the Court being duly advised and good cause having been shown, the Court finds as follows:

1. There is real property in the name of Defendant, JJMJ Realty Company located at 9 Turner Street, Unit 11, Clearwater, Florida 33756 ("the Subject Property");
2. Allstate has a first in time, recorded attachment on the Subject Property at 9 Turner Street, Unit 11, Clearwater, Florida 33756;
3. JJMJ Realty Company and Allstate have settled the above-captioned litigation upon the condition that the Subject Property at 9 Turner Street, Unit 11, Clearwater, Florida 33756 is sold and certain portions of the net proceeds from any sale are distributed to Allstate;
4. Allstate has agreed to take necessary steps to remove the Attachment on the Subject Property at 9 Turner Street, Unit 11, Clearwater, Florida 33756 in exchange for an attachment on the net proceeds of the sale of the Subject Property;
5. JJMJ Realty Company has agreed not to take any action to prevent Allstate from obtaining the net proceeds to which it is entitled pursuant to the Parties' settlement, or otherwise secure any such funds related to settlement with JJMJ Realty Company;
6. Jeffrey Spina (without consent of JJMJ Realty Company) has entered into a lease of the JJMJ Realty Company property with tenants through February 12, 2024; and,
7. Jeffrey Spina has received and retained rental payments in connection with the JJMJ Realty Company property.

Therefore, IT IS HEREBY:

**ORDERED** that an attachment on any proceeds of any sale is granted to Allstate relative to the property in the name of Defendant, JJMJ Realty Company at 9 Turner Street, Unit 11, Clearwater, Florida 33756 as provided for by this Court's Order dated November 29, 2022 (ECF No. 331);

**ORDERED** that Defendant, JJMJ Realty Company, is hereby ENJOINED from taking any action to encumber the property at 9 Turner Street, Unit 11, Clearwater, Florida 33756, without seeking leave of this Court;

**ORDERED,** that the Defendant, JJMJ Realty Company and Allstate have agreed that Steven J. Harfenist be appointed as the receiver for the purpose of coordinating the sale of the

property at 9 Turner Street, Unit 11, Clearwater, Florida 33756 as well as the collection and distribution of any rental payments;

**ORDERED** that any rental payments paid by any tenant to the property at 9 Turner Street, Unit 11, Clearwater, Florida 33756 shall be delivered to Steven J. Harfenist, Esq. and shall be held in escrow by Steven J. Harfenist, Esq. to be distributed in accordance with the settlement agreement, and Jeffrey Spina shall direct the current tenant to make such payments to the Receiver;

**ORDERED**, that the Receiver shall not be required to open an account in the Receiver's name, but may maintain any collected rental payments in his firm's IOLA escrow account;

**ORDERED** that the Receiver shall not distribute any funds collected as either rent or from the sale of the property at 9 Turner Street, Unit 11, Clearwater, Florida 33756 without prior approval from the Court;

**ORDERED**, that the Defendant, JJMJ Realty Company and its agents are hereby **ENJOINED** from transferring, encumbering, dissipating, or wasting any assets for the purpose of circumventing any future judgment in this case until further or superseding the Order of this Court;

**ORDERED**, that the current tenants, shall permit a licensed realtor access to the property at 9 Turner Street, Unit 11, Clearwater, Florida 33756 upon reasonable notice to the current tenant to photograph the property in furtherance of its sale;

**ORDERED**, that the current tenants of 9 Turner Street, Unit 11, Clearwater, Florida 33756 shall make all rental payments to the Receiver; and,

**ORDERED**, that Jeffery Spina is directed to Show Cause why as to why he should not pay the rental payments he has collected since the entry of the Court's Order appointing the Receiver to the Receiver.  Jeffrey Spina is to respond to this Order by 4/10/23. Allstate is to serve this Order on Jeffrey Spina by 3/30/23.

-3-

**SO ORDERED:**

_____
Kenneth M. Karas, U.S.D.J.

Dated: White Plains, New York
    March 27      , 2023